IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TALISHA VALDEZ, on behalf of herself
and others similarly situated, and
JENNIFER BLACKFORD, on behalf of herself
and others similarly situated,

      Plaintiffs,

                                                                                            Case No. 21-cv-783 MV/JHR

vs.

MICHELLE LUJAN GRISHAM,
Officially and Individually, Acting Under the Color of Law,
and
DAVID SCRASE,
Officially and Individually, Acting Under the Color of Law,

      Defendants.

**ORDER**

      **THIS MATTER** comes before the Court on Plaintiffs' Verified Class Action Complaint for Civil Rights Violations Under 42 U.S.C.A. § 1983; Violations of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages (the "Complaint"). Doc. 1. Although Plaintiffs did not file a separate motion requesting emergency relief, the Complaint requests "a temporary restraining order to prohibit Defendants from enforcing public health orders against the Plaintiffs and other putative class members that are similarly situated," and a preliminary injunction "to prohibit Defendants from enforcing public health orders in the arbitrary and capricious manner and fashion engaged by Defendants." *Id.* at 15. The Court finds it appropriate to set an expedited briefing schedule on Plaintiffs' request for preliminary relief, rather than issue an emergency order on an *ex parte* basis.

On August 17, 2021, New Mexico Department of Health Acting Secretary David R. Scrase, M.D. issued "Public Health Emergency Order Requiring All School Workers Comply with Certain Health Requirements and Requiring Congregate Care Facility Workers, Hospital Workers, and Employees of the Office of the Governor Be Fully Vaccinated" ("PHO").  Doc. 1-2.  In relevant part, the PHO requires all "hospital workers . . . to be fully vaccinated against COVID-19 unless they qualify for an exemption." *Id.* at 3-4.  The PHO also requires that "[a]ll persons who are eligible to receive a COVID-19 vaccine and enter the grounds of the New Mexico State Fair . . . provide adequate proof of being fully vaccinated against COVID-19 . . . unless the individual qualifies for an exemption." *Id.* at 5.  Both Hospital workers and individuals who seek entry into the State Fair "may be exempt from the COVID-19 vaccination requirement . . . if they have a qualifying medical condition which immunization would endanger their health, or they are entitled . . . to a disability-related reasonable accommodation or a sincerely held religious belief accommodation." *Id.* at 4, 5-6.  A religious belief exemption may be supported by "a statement regarding the manner in which the administration of a COVID-19 vaccine conflicts with the religious observance, practice, or belief of the individual." *Id.* at 4-5, 6.

Named Plaintiff Jennifer Blackford is a registered nurse employed by Presbyterian.  Doc. 1-3 ¶ 2.  She asserts that the PHO "requires that [she] be terminated if [she] refuse[s] to be vaccinated for COVID-19," and that based on her "medical training and her own independent research," she is "opposed to receiving the EUA covid vaccines." *Id.* ¶¶ 4-5.  Named Plaintiff Talisha Valdez, along with her 11- and 12-year old daughters, has contracted to exhibit their animals at the New Mexico State Fair.  Doc. 1-4 ¶¶ 2, 6.  She asserts that the PHO "prohibits [her] and [her] children from attending the New Mexico State Fair and showing their animals," and that she has chosen "not to be vaccinated" and "to refuse to have [her] child injected with an

experimental EUA vaccine." *Id.* at ¶¶ 9, 12.  Together, Plaintiffs allege that, unless this Court enters a temporary restraining order and preliminary injunction, under the PHO, "New Mexicans will be forced to take an experimental vaccine in order to retain their employment and will forever lose the ability to exhibit their unique animals at the New Mexico State Fair."   Doc. 1 at 22.

This Court is authorized to issue a temporary restraining order "without written or oral notice to the adverse party or its attorney" only if two conditions are met:  (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Here, Plaintiffs' attorney did not certify in writing any efforts to give notice or the reasons why notice should not be required.  There is no record on the docket that Defendants have so far been served.  Nor would Plaintiffs' service alone satisfy the requirements of Rule 65(b)(1).  Further, the Court finds that the facts alleged by Plaintiffs do not clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiffs before Defendants can be heard in opposition.  While alleging that the PHO would prevent Blackford from retaining her employment and Valdez from entering the State Fair, the Complaint ignores the existence of the exemptions to the PHO's vaccination requirements.  As noted above, the PHO allows for three exemptions to the vaccination requirements for hospital workers and State Fair attendees, including an exemption that can be supported by a mere statement as to the manner in which the administration of a vaccination conflicts with the beliefs of the individual.  The Complaint provides no factual allegations as to why none of the exemptions would apply to the named Plaintiffs, both of whom have clearly asserted that administration of the COVID-19 vaccine does, indeed, conflict with their beliefs.  Because

Plaintiffs have made no effort to seek an exemption to the vaccination requirement and thus have no reasonable basis to conclude that they will lose their employment and/or be denied entry to the State Fair, the Court finds no grounds to issue an order without providing Defendants with an opportunity to respond. It will, however, order an expedited briefing schedule on Plaintiffs' request for a preliminary injunction.

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs must effect service of a copy of this Order, together with the Complaint [Doc. 1], and any attachments thereto, to be received by Defendants **no later than 5:00 p.m. Mountain Time ("MT") today, Monday, August 23, 2021**, notwithstanding any previous attempts made by Plaintiffs to serve Defendants. Proof of any service done pursuant to this Order shall be filed with the Clerk of Court as soon as practicable.

2. If Defendants oppose Plaintiff's Motion, a written response shall be filed with the Court and served on Plaintiffs no later than **Monday, August 30, 2021 at 5:00 p.m. MT.**

3. Plaintiffs' reply, if any, shall be filed with the Court and served on Defendants no later than **Wednesday, September 1, 2021 at 5:00 p.m. MT.**

4. The Court will set a hearing on this matter if it finds that such a hearing is necessary.

DATED this 23rd day of August 2021.

_____
MARTHA VÁZQUEZ
United States District Judge