IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TALISHA VALDEZ, on behalf of herself
and others similarly situated, and
JENNIFER BLACKFORD on behalf of herself
And others similarly situated,**

                  Plaintiffs,

Civil Action No. 1:21-cv-00783-MC-JHR

v.

**MICHELLE LUJAN GRISHAM,**
**Officially and Individually, Acting Under the Color of Law,**
**and**
**DAVID SCRASE,**
**Officially and Individually, Acting Under the Color of Law,**
                  **Defendants.**

## OPPOSED[1] MOTION TO RECONSIDER THE COURT'S ORDER OF AUGUST 23, 2021

COMES NOW Plaintiffs hereby respectfully move this Court to reconsider its August 23, 2021 Order. This matter comes before the Court on Verified Class Action Complaint for Civil Rights Violations Under 42 U.S.C.A. § 1983; Violations of Rights Protected by the New Mexico Civil Rights Act; Emergency Request for a Temporary Restraining Order; Request for Preliminary Injunction, Permanent Injunctive Relief and Damages (the "Complaint"). Doc. 1.

### LAW REGARDING MOTIONS TO RECONSIDER

Federal Rule of Civil Procedure 54(b) provides that a district court can freely reconsider its prior rulings and puts no limit or governing standard on the district court's ability to do so, other than that it must do so "before the entry of judgment." *Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1026 (D.N.M. 2019), *citing* Fed. R. Civ. P. 54(b). "[D]istrict courts generally remain free to

---

[1] Counsel for Defendants has been consulted and is opposed to this motion.

1

reconsider their earlier interlocutory orders." *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

**COVID-19 Investigational Vaccine Not Approved by the FDA**

As of the filing of this Motion the FDA has only approved the Pfizer/BioNTech vaccine. However, the Plaintiff in this matter specifically Plaintiff Valdez and her children will still suffer harm. In order to be considered fully vaccinated it must have been 2 weeks since your second Pfizer shot.[2] Thus, if a child receives their first shot on August 18, 2021 (the day following issuance of the PHO) that child is not fully vaccinated and able to enter the New Mexico State Fair Grounds until September 22, 2021, which is 3 days after the New Mexico State Fair ends. Furthermore, the one-time dose produced by Johnson and Johnson has not yet been approved for individuals under the age of 18.[3] Furthermore, the Moderna COVID-19 Vaccine requires 2 shots 28 days apart and has not been approved for individuals under the age of 18.[4] On December 11, 2020, the United States Food and Drug Administration ("FDA") issued the first emergency use authorization ("EAU") for an experimental vaccine for the prevention of coronavirus disease 2019 ("COVID-19"). Emergency use authorization is not an FDA approval. The experimental vaccine has been in existence for less than a year. The first reported use of the experimental vaccine was December 14, 2020.

It is undisputed that the vaccine being forced upon Plaintiffs is "unapproved". Even though the FDA granted emergency use authorization for the Pfizer/BioNTech and Moderna vaccines in December 2020, the clinical trials the FDA will rely upon to ultimately decide whether to license

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/second-shot.html

[3] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/janssen.html

[4] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html

these and other COVID-19 experimental vaccines are still underway and are designed to last for approximately two (2) years to collect adequate data to establish if these vaccines are safe and effective enough for the FDA to approve. The abbreviated timelines for the emergency use applications and authorizations means there is much the FDA does not know about these products even as it authorizes them for emergency use, including their effectiveness against infection, death, and transmission of SARS-CoV-2, the virus that is allegedly the cause of the COVID disease. Given the uncertainty about the COVID-19 experimental vaccines, the FDA requires that each dose of the experimental vaccine shall have a label that states that the product is an emergency use authorization, that the EUA is explicit that each is an investigational vaccine not licensed for any indication and that all promotional material relating to the Covid-19 Vaccine clearly and conspicuously...state that this product has not been approved or licensed by the FDA, but has been authorized for emergency use by FDA

> The FDA on their website has stated the following:
> "FDA believes that terms and conditions of an EAU issued under section 564 preempt state or local law, both legislative requirement and common-law duties, that impose different or additional requirements on the medical product for which the EAU was issued in the context of the emergency declared under section 564... In an emergency, it is critical that the conditions that are part of the EAU or an order or waiver issued pursuant to section 564A – those that FDA has determined to be necessary or appropriate to protect the public health-be strictly followed, and no additional conditions be imposed."

In August 2020, the Centers for Disease Control and Prevention ("CDC") published a meeting of the Advisory Committee on Immunizations and Respiratory Diseases, Dr. Amanda Cohn stated (@1:14:40):

> "I just wanted to add that, just wanted to remind everybody, that under an Emergency Use Authorization, an EAU, vaccines are not allowed to be mandatory. So, early in the vaccination phase, individuals will have to be consented and they won't be able to be mandated."

Here, Plaintiffs are in imminent and immediate danger of being terminated from their jobs for refusing to take an experimental vaccine that is being provided under an EAU.

Immediate and irreparable injury, loss, or damage will result to Plaintiffs if the Court does not grant a temporary restraining order. Plaintiff Blackford and many like her face immediate threat of being terminated from their employment when they will not seek or are not eligible for an exemption. Plaintiff Blackford is not seeking an exemption therefore leaving her only two options: 1) Termination or 2) getting the vaccine.[5] The Court has misapprehended that the Plaintiffs are seeking or are eligible for an exemption and thus are in actuality facing termination because they do not fall under one of the exemptions in its Order of August 23, 2021. Furthermore, Plaintiff Valdez and her children will suffer as the only vaccine the children are eligible for is the Pfizer/BioNTech vaccine which cannot be fully administered until after the New Mexico State fair has ended. Plaintiff respectfully request that Court recognize that the threat of harm is imminent and that no exemption available to these Plaintiffs will save them from the irreparable harm of the loss of Constitutional freedoms that goes into effect on August 27, 2021.

## CONCLUSION

The Plaintiff respectfully moves the Court to reconsider its August 23, 2021 order and grant the Plaintiff the relief they so desperately need as a temporary order until a preliminary hearing may be held.

Respectfully submitted this 23th day of August 2021.

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
Jared R. Vander Dussen, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com

---

[5] *See* Second Declaration of Plaintiff Blackford

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2021, I filed the foregoing via the CM/ECF filing system and caused a copy to be served upon counsel for Defendants via email.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.